IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**FREDERICK L. McGEE,**	05-CV-540-BR

      **Plaintiff,**	OPINION AND ORDER

**v.**

**JO ANNE B. BARNHART,
Commissioner of Social
Security,**

      **Defendant.**


**FLOYD H. SHEBLEY**
419 Fifth Street
Oregon City, OR 97045
(503) 655-5500

    Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**VIKASH CHHAGAN**
Acting Regional Chief Counsel
**JOHANNA VANDERLEE**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3858

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Frederick H. McGee brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income disability benefits (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the Commissioner's final decision.

## BACKGROUND

McGee was born July 17, 1947.  He went to school through the ninth grade and obtained his GED.  McGee has past relevant work experience as a warehouseman.  McGee sustained numerous work injuries beginning in 1981 that caused pain in his low back, buttocks, neck, and shoulders.  McGee had back surgeries in 1999 and 2004.  McGee alleges he became disabled on December 31, 2001,

due to stress and neck, lower back, and shoulder pain. Tr. 61-63, 68.[1]

The ALJ held a hearing On July 19, 2004. At the hearing, McGee was represented by an attorney, and McGee and a vocational expert (VE) testified.

The ALJ issued a written decision on September 23, 2004, in which he found McGee was not entitled to benefits. That decision became the final decision of the Commissioner on March 25, 2005, when the Appeals Council denied McGee's request for review.

## DISABILITY ANALYSIS

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. §§ 416.920, and 404.1520. Each step is

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

3 - OPINION AND ORDER

potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. §§ 416.920(b) and 404.1520(a)(4)(i).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(c) and 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(d) and 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 416.945(a) and 404.1560. *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e) and 404.1560(a)(3).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e), (f), and 404.1560(c). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 416.920(f)(1) and 404.1520(g).

## **ALJ'S FINDINGS**

The ALJ found McGee had not performed any substantial gainful activity since December 31, 2001. Tr. 18. The ALJ determined McGee has bilateral shoulder pain secondary to AC joint sprain and impingement, lumbar degenerative disc disease with facet arthropathy, and a history of cervical disc fusion. Tr. 18. The ALJ, however, found these impairments do not meet or

equal the listed impairments. Tr. 18.

The ALJ determined McGee had an RFC to perform a full range of medium exertion level positions. Tr. 18. The ALJ concluded McGee, therefore, could perform his past relevant work. Tr. 18.

## **STANDARDS OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40. The court may not substitute its judgment

for that of the Commissioner. *Batson,* 359 F.3d at 1193

## DISCUSSION

McGee contends the ALJ failed to assess accurately his RFC because the ALJ improperly discredited McGee's subjective pain testimony. McGee alleges the ALJ also erred when he failed to give clear and convincing reasons for rejecting McGee's testimony.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002). When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.,* 119 F.3d 789, 792 (9th Cir. 1997). "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas,* 278 F.3d at 958.

The ALJ identified inconsistencies in McGee's testimony

7 - OPINION AND ORDER

between his account of his activities of daily living and the medical record. As a result, the ALJ found McGee's testimony regarding his inability to work was not credible. Tr. 16-17. For example, McGee frequently reported to his Physical Therapist in 2002 that he felt pain while doing "yard work or heavier housework" even though McGee testified he did not do any housework or yard work. Tr. 141-67. McGee also reported hiking and camping in 2002. Tr. 149. McGee testified he continues to be active in scouting although he has someone else carry his backpack and materials. Tr 306. He further testified he participated in cowboy shooting until 2003, which involves five or six hours of shooting two six-shot revolvers, a rifle, or a shotgun at various targets. Tr. 317-18. McGee testified he carries the guns in a rolling cart throughout the shoot. Tr. 317.

In addition, McGee testified he continues to scuba dive, which includes taking diving classes, practicing in a swimming pool, and doing open-water dives in Hood Canal. Tr. 306-08, 322. McGee testified he teaches students how to dive in open water and conducts scuba stress and rescue training. Tr. 323. In January 2003, McGee fell out of a boat while scuba diving in Tillamook Bay and floated in the water for several hours before being rescued. Tr. 252. McGee developed bronchitis, but he recovered. Tr. 252. McGee testified he had someone else carry his air tanks

8 - OPINION AND ORDER

and weighted jacket to the edge of the pool or to the open-water diving site, and McGee would put that gear on and take it off in the water. Tr. 306-07. Finally, although McGee has undergone significant physical therapy and suffered numerous injuries, the record shows his treating physicians released McGee to go back to work without restrictions. Tr. 228, 231, 236.

On this record, the Court finds the ALJ adequately explained his reasons for finding McGee not credible. The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of McGee's testimony as not credible.

## **CONCLUSION**

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 30th day of January, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge

IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON


**FREDERICK L. McGEE,**                             05-CV-540-BR

         **Plaintiff,**                             OPINION AND ORDER

v.

**JO ANNE B. BARNHART,**
**Commissioner of Social**
**Security,**

         **Defendant.**


**FLOYD H. SHEBLEY**
419 Fifth Street
Oregon City, OR 97045
(503) 655-5500

         Attorney for Plaintiff

**KARIN J. IMMERGUT**
United States Attorney
**NEIL J. EVANS**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**VIKASH CHHAGAN**
Acting Regional Chief Counsel
**JOHANNA VANDERLEE**
Special Assistant United States Attorney
701 Fifth Avenue, Suite 2900 MS/901
Seattle, WA  98104-7075
(206) 615-3858

    Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Frederick H. McGee brings this action for judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income disability benefits (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the Commissioner's final decision.

## BACKGROUND

McGee was born July 17, 1947.  He went to school through the ninth grade and obtained his GED.  McGee has past relevant work experience as a warehouseman.  McGee sustained numerous work injuries beginning in 1981 that caused pain in his low back, buttocks, neck, and shoulders.  McGee had back surgeries in 1999 and 2004.  McGee alleges he became disabled on December 31, 2001,

due to stress and neck, lower back, and shoulder pain.
Tr. 61-63, 68.[1]

The ALJ held a hearing On July 19, 2004. At the hearing, McGee was represented by an attorney, and McGee and a vocational expert (VE) testified.

The ALJ issued a written decision on September 23, 2004, in which he found McGee was not entitled to benefits. That decision became the final decision of the Commissioner on March 25, 2005, when the Appeals Council denied McGee's request for review.

### DISABILITY ANALYSIS

The initial burden of proof rests on the claimant to establish disability. *Roberts v. Shalala,* 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). *See also* 20 C.F.R. §§ 416.920, and 404.1520. Each step is

---

[1] Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed with the Commissioner's Answer.

3 - OPINION AND ORDER

potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Yuckert*, 482 U.S. at 140. *See also* 20 C.F.R. §§ 416.920(b) and 404.1520(a)(4)(i).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant has no "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(c) and 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Yuckert*, 482 U.S. at 140-41. *See also* 20 C.F.R. §§ 416.920(d) and 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 416.945(a) and 404.1560. *See also* Social Security Ruling (SSR) 96-8p.

In Step Four, the claimant is not disabled if the

Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e) and 404.1560(a)(3).

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. *Yuckert*, 482 U.S. at 141-42. *See also* 20 C.F.R. §§ 416.920(e), (f), and 404.1560(c). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Yuckert*, 482 U.S. at 141-42. *See also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 416.920(f)(1) and 404.1520(g).

## **ALJ'S FINDINGS**

The ALJ found McGee had not performed any substantial gainful activity since December 31, 2001. Tr. 18. The ALJ determined McGee has bilateral shoulder pain secondary to AC joint sprain and impingement, lumbar degenerative disc disease with facet arthropathy, and a history of cervical disc fusion. Tr. 18. The ALJ, however, found these impairments do not meet or

equal the listed impairments. Tr. 18.

The ALJ determined McGee had an RFC to perform a full range of medium exertion level positions. Tr. 18. The ALJ concluded McGee, therefore, could perform his past relevant work. Tr. 18.

## **STANDARDS OF REVIEW**

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Batson v. Comm'r of Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld even if the "evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40. The court may not substitute its judgment

for that of the Commissioner.  *Batson,* 359 F.3d at 1193

**DISCUSSION**

McGee contends the ALJ failed to assess accurately his RFC because the ALJ improperly discredited McGee's subjective pain testimony.  McGee alleges the ALJ also erred when he failed to give clear and convincing reasons for rejecting McGee's testimony.

"If the ALJ finds that the claimant's testimony as to the severity of [the claimant's] pain and impairments is unreliable, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's testimony." *Thomas v. Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002).  When weighing the claimant's credibility, the ALJ may consider "inconsistencies either in his testimony or between his testimony and his conduct, his daily activities, his work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains." *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).  "If the ALJ's credibility finding is supported by substantial evidence in the record, we may not engage in second-guessing." *Thomas,* 278 F.3d at 958.

The ALJ identified inconsistencies in McGee's testimony

7 - OPINION AND ORDER

between his account of his activities of daily living and the medical record. As a result, the ALJ found McGee's testimony regarding his inability to work was not credible. Tr. 16-17. For example, McGee frequently reported to his Physical Therapist in 2002 that he felt pain while doing "yard work or heavier housework" even though McGee testified he did not do any housework or yard work. Tr. 141-67. McGee also reported hiking and camping in 2002. Tr. 149. McGee testified he continues to be active in scouting although he has someone else carry his backpack and materials. Tr 306. He further testified he participated in cowboy shooting until 2003, which involves five or six hours of shooting two six-shot revolvers, a rifle, or a shotgun at various targets. Tr. 317-18. McGee testified he carries the guns in a rolling cart throughout the shoot. Tr. 317.

In addition, McGee testified he continues to scuba dive, which includes taking diving classes, practicing in a swimming pool, and doing open-water dives in Hood Canal. Tr. 306-08, 322. McGee testified he teaches students how to dive in open water and conducts scuba stress and rescue training. Tr. 323. In January 2003, McGee fell out of a boat while scuba diving in Tillamook Bay and floated in the water for several hours before being rescued. Tr. 252. McGee developed bronchitis, but he recovered. Tr. 252. McGee testified he had someone else carry his air tanks

and weighted jacket to the edge of the pool or to the open-water diving site, and McGee would put that gear on and take it off in the water. Tr. 306-07. Finally, although McGee has undergone significant physical therapy and suffered numerous injuries, the record shows his treating physicians released McGee to go back to work without restrictions. Tr. 228, 231, 236.

On this record, the Court finds the ALJ adequately explained his reasons for finding McGee not credible. The Court, therefore, concludes the ALJ did not err because he provided a legally sufficient basis supported by the record for rejecting portions of McGee's testimony as not credible.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 30th day of January, 2006.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge